UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                    Case Nos.    3:97cr103/RV/CJK
                                                   3:97cr92/RV/CJK
                                                   3:97cr81/RV/EMT
                                                   3:14cv183/RV/CJK

CHRISTOPHER SUMMERS
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 122).[1]  Defendant's motion is not on the proper form for use in section 2255 cases in this district.  He will not be required to amend, however, as Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

---

[1]The motion has been filed in each of the above-styled merged criminal cases.  All document references are to case 3:97cr103, unless otherwise noted.

## BACKGROUND and ANALYSIS

On October 10, 1997, Defendant pleaded guilty to bank robbery by force or violence (*see* doc. 4). He was sentenced to a term of 175 months imprisonment to run concurrently with the sentences imposed in cases 3:97cr81 and 3:97cr92 (*see* doc. 13). Defendant appealed, challenging a two-level sentence enhancement that had been applied for making a "threat of death" during the robbery, and the Eleventh Circuit remanded the case for re-sentencing after finding that application of this enhancement was an ex post facto violation (doc. 22). Upon re-sentencing in November of 1999, the court sentenced Defendant to a term of 28 months imprisonment to run consecutively to the 230 month and 30 month terms imposed in cases 3:97cr81 and 3:97cr92 (docs. 26, 78). This higher sentence was based in part upon Defendant's request that he receive a longer sentence than a sentence that had been imposed by the state court. Defendant's goal was to avoid the imposition of a state detainer, without which he would have a lower custody level for purposes of his assignment within the BOP (doc. 78). Although the district court fashioned its sentence to accommodate Defendant's request, it also noted that the departure was supported based upon sections 4A1.3 and 5K2.14 of the Sentencing Guidelines (*id*. at 25–27). The court further observed that if Defendant's prior escape conviction had been treated as a crime of violence or Defendant's bank robbery cases had not been consolidated, his criminal history category would have been significantly higher (*id*. at 27–28).[2]

---

[2]There was also mention of Defendant waiving his right to appeal or file a § 2255 motion based on the re-sentencing, although the district court did not indicate that the "waiver" was absolute (*see* doc. 78 at 23).

Case Nos.: 3:97cr103/RV/CJK; 3:97cr92/RV/CJK; 3:97cr81/RV/EMT and 3:14cv183/RV/CJK

Nothing further was filed until 2007, when Defendant filed a motion for placement in the Florida Department of Corrections (doc. 27). Thereafter, he filed numerous post conviction motions that were denied (docs. 30, 31; 44, 45; 57, 58, 69; 72, 74; 76, 82; 83, 85; 86, 88; 92, 94; 96, 98; 113, 114; 117, 119). In April of 2012, Defendant filed a petition for jail credit prior to re-sentencing (doc. 102).[3] The district court granted this motion on June 12, 2012, and included in its order a directive to the BOP to give Defendant credit for 27 days he had spent in federal custody for re-sentencing (doc. 109).

Defendant filed the instant § 2255 motion pursuant to the prison mailbox rule on April 1, 2014 (doc. 122 at 4). In the motion, Defendant seeks to have his 1999 sentence corrected, claiming that he has unspecified new evidence which, had it been known to the court at re-sentencing, would have resulted in a lesser sentence. Defendant also complains that the BOP is not honoring the district court's order directing it to give him credit for the 27 days he spent in federal custody for re-sentencing (doc. 109).

As an initial matter, Defendant's claim regarding credit for time served is not properly before this court. A claim concerning credit for time served is not properly raised via § 2255 but should be filed as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, after exhaustion of administrative remedies, in the district in which Defendant is incarcerated. *See e.g., United States v. Tubby*, 546 F. App'x 869 (11th Cir. 2013) (citing *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005)); *United States*

---

[3]In May of 2012, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, along with a motion for leave to proceed in forma pauperis and a petition for stay of decision on the § 2255 motion (docs. 104–106). These documents were returned to Defendant as deficient after filing (doc. 107) and were not resubmitted. Defendant also filed a motion to dismiss the § 2255 motion, the contents of which are not apparent from the record as it was also returned as deficient before docketing (doc. 108). Defendant did not resubmit the previously filed § 2255 motion.

Case Nos.: 3:97cr103/RV/CJK; 3:97cr92/RV/CJK; 3:97cr81/RV/EMT and 3:14cv183/RV/CJK

*v. Pruitt*, 417 F. App'x 903, 904 (11th Cir. 2011) (citing *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000)).

The remainder of Defendant's motion is based on his assertion that he is entitled to "new" evidence regarding his state court sentence. It is not clear that his claim falls within the parameters of § 2255, which affords relief only if a court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). In any event, even if Defendant's remaining claim is properly raised pursuant to § 2255, it is untimely.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Clearly more than one year has elapsed since Defendant's re-sentencing. It appears that Defendant's motion may have been prompted by a March 21, 2014 conversation with his unit team member, who made him aware that the Florida DOC had "requested a progress report so that the F.D.O.C. would know how much good time to award the defendant" (*see* doc. 122 at 1–2). If in fact the

circumstances surrounding Defendant's state court sentence are different than what he believed them to be in 1999, Defendant has offered no explanation as to why this claim could not have been discovered previously through the exercise of due diligence. Thus, it is untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). Again, Defendant offers no

explanation for filing the instant motion nearly fifteen years after his re-sentencing, and he is not entitled to consideration of his claim.[4]

CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      Defendant's motion to vacate, set aside, or correct sentence, as docketed in each of the above-styled criminal cases, be summarily **DENIED and DISMISSED**.

---

[4]The court also notes that even if his motion were not untimely, the re-sentencing transcript reveals Defendant's intent to waive his right to pursue § 2255 relief (doc. 78 at 8, 23).

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 17th day of April, 2014.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**